**FILED**

**November 7, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:15 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Maikel Reazkallah, | ) | Docket No. 2017-06-0707 |
| Employee, | ) | |
| v. | ) | |
| Dynamic Security, Inc., | ) | State File No. 28056-2017 |
| Employer, | ) | |
| And | ) | |
| Arch Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

Maikel Reazkallah filed a Request for Expedited Hearing seeking temporary disability benefits, which this Court heard on November 2. The central legal issue is whether Mr. Reazkallah's termination ended his entitlement to temporary partial disability benefits. The Court finds Dynamic Security failed to prove it terminated Mr. Reazkallah for misconduct under ordinary workplace rules; thus, the Court holds Mr. Reazkallah is entitled to past temporary disability benefits. Dynamic Security shall promptly file a Wage Statement so the Court may enter an appropriate order granting benefits.

### History of Claim

Mr. Reazkallah worked as an officer for Dynamic Security. On April 11, 2017, he was involved in an on-the-job confrontation with a client's supervisor, injuring his right elbow. Mr. Reazkallah reported the incident, but Dynamic Security did not offer treatment or provide a panel of physicians.

Mr. Reazkallah sought treatment with Dr. Fawwaz Alkayyali but submitted no medical records documenting it. He introduced two letters into evidence dated April 12 and 13, which stated Dr. Alkayyali assigned light-duty restrictions for one month.[1]

---

[1] The limited medical records introduced at the hearing include the two previously-mentioned letters from

1

Mr. Reazkallah presented the April 12 letter to Dynamic Security, and his supervisor sent him home. However, five days later, Dynamic Security accommodated his restrictions and assigned him work at Dometic to "watch [a] fire alarm." At Dometic, Mr. Reazkallah mistakenly set off the alarm, alerting the police. The following day, Dynamic Security told Mr. Reazkallah that Dometic staff caught him sleeping on duty. Dynamic Security terminated him. Mr. Reazkallah denied falling asleep at Dometic, stating that the loud alarm made it impossible. He said that the individual who fired him was angry about him alerting the authorities during his shift at Dometic.

Dynamic Security offered the testimony of Robert Zickgraf, its regional manager. Mr. Zickgraf testified he received Mr. Reazkallah's personnel file "from the home office earlier this week." He was not employed with Dynamic Security at the time of Mr. Reazkallah's termination. Dynamic Security attempted to introduce documents from Mr. Reazkallah's personnel file into evidence, but the Court excluded them as inadmissible hearsay.[2]

As for the relief Mr. Reazkallah requested, he testified his elbow healed and he needs no further treatment. Dynamic Security, through counsel, agreed to pay any charges associated with Mr. Reazkallah's visits to Dr. Alkayyali for the work injury. Thus, the only issue is Mr. Reazkallah's entitlement to temporary disability benefits. Dynamic Security failed to file a Wage Statement, Notice of Denial or First Report of Injury.[3]

## Findings of Fact and Conclusions of Law

Mr. Reazkallah has the burden of proof on the essential elements of the claim.

---

Dr. Alkayyali. The other medical records are unrelated to this claim; Mr. Reazkallah testified at length about an injury to his shoulder that occurred after April 11 and while working for a different employer.

[2] Dynamic Security asserted that the business records exception to the hearsay rule applies. Tennessee Rule of Evidence 803(6) allows for the admissibility of records made by a person with knowledge and a business duty to record if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the records, "as shown by the testimony of the custodian *or other qualified witness.*" (Emphasis added.) Here, Mr. Zickgraf testified he was not employed at Dynamic Security at the time of Mr. Reazkallah's termination. He was not the records custodian nor was he an "other qualified witness." Dynamic Security did not request that the Court mark the proffered exhibit for identification purposes only.

[3] The Bureau's Claims Handling Standards require the filing of a decision on the compensability of the claim within fifteen days of receiving notice of the accident, as well as a First Report of Injury and a Wage Statement. *See generally* Tenn. Comp. R. & Regs. 0800-2-14. The Court finds Dynamic Security failed to comply with the Bureau's Claims Handling Standards and refers the matter to the Compliance Unit for consideration of the imposition of a penalty.

*Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Court applies these general standards to the specific issue of Mr. Reazkallah's request for past temporary disability benefits. Dr. Alkayyali did not excuse Mr. Reazkallah from work but rather placed restrictions upon him. The Workers' Compensation Law provides that an injured worker is entitled to temporary partial disability benefits when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2017). Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Mace v. Express Servs., Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 49, at *8 (Dec. 11, 2015).

In this case, no one disputed that Mr. Reazkallah was on restricted duty for one month commencing on April 12.[4] Dynamic Security was able to accommodate his restrictions until it terminated him on or about April 20. Dynamic Security contended it terminated him for cause. If the Court finds Dynamic Security terminated Mr. Reazkallah due to a violation of workplace rules or ordinary workplace expectations, it is relieved of the obligation to pay temporary partial disability benefits. Thus, the sole factual determination the Court must make is whether Mr. Reazkallah's termination was proper under workers' compensation principles. These principles provide that courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." *Mace,* at *9. An employer will not be penalized—in this case, required to pay TPD—for enforcing a policy if the Court determines "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *Id.*

Here, Dynamic Security may reasonably expect that its employees will not sleep on the job. What it lacks is proof that Mr. Reazkallah actually slept at Dometic. He credibly testified that he did not sleep at work, and Dynamic Security offered no contrary evidence from anyone with direct knowledge of the events in question. The Court is constrained to consider only the proof before it and finds Mr. Reazkallah did not sleep at Dometic. Therefore, Dynamic Security failed to prove he engaged in misconduct, and it is not relieved of its duty to pay temporary disability benefits. The Court holds at this time that Mr. Reazkallah established he is likely to prevail at a hearing on the merits that

---

[4] Mr. Reazkallah argued he lost income for two months, but the limited medical proof is that his physician placed him on light-duty for one month only.

he is entitled to past temporary disability benefits from April 12 through May 12, 2017.[5] However, the Court cannot enter an order granting temporary partial disability benefits in an exact dollar amount because the record contains no proof of Mr. Reazkallah's wages.[6] Upon receipt of this information, the Court will calculate the award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Dynamic Security shall file a Wage Statement within **seven business days of entry of this order** so that the Court may make an appropriate order granting Mr. Reazkallah's request for past temporary disability benefits.

2. In accordance with Dynamic Security's counsel's statement on the record, Dynamic Security shall pay all medical bills associated with Mr. Reazkallah's visit to Dr. Alkayyali for treatment of the April 11, 2017 work injury. Mr. Reazkallah shall promptly deliver copies of the bills to Dynamic Security's counsel for immediate payment.

3. The Court refers this case to the Compliance Unit for consideration of the imposition of penalties regarding it failure to file a C-20, Wage Statement and decision of compensability.

4. This matter is set for a Scheduling Hearing on **January 8, 2018, at 9:30 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED this the 7th day of November, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

---

[5] Neither party introduced any proof regarding whether Dynamic Security paid Mr. Reazkallah through the date of his termination, but if it did it is entitled to credit for that payment.

[6] Mr. Reazkallah stated in his closing argument, after the close of proof, that he earned $10 per hour and worked forty hours per week.

## APPENDIX

Exhibits:
1. Affidavit
2. Dynamic Security incident report
3. Employee's Choice of Physician
4. Rama Medical Group records
5. Southern Hills Medical Center records
6. U.S. HealthWorks records
7. Summit Medical Center records
8. Attendance reports, Southwest Airlines

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement[7]

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on the 7th day of November, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Maikel Reazkallah, self-represented employee | x | | x | 5161 Rice Rd., #261, Antioch, TN 37013; maikel.reazhkallah@yahoo.com |
| Sean Hunt, employer's attorney | | | x | sean@thehuntfirm.com |
| Compliance Unit | | | x | WCComplianceProgram@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

---

[7] The Court considered only the exhibits that it admitted into evidence.